UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

JAMES MILLIS,

        Plaintiff,               Case No.

vs.

ENTERPRISE PRODUCTS CO.,

        Defendant.

_____/

## COMPLAINT

NOW COMES Plaintiff, by and through counsel undersigned, OBRYAN BAUN

KARAMANIAN, complaining against Defendant as follows:

1.      Jurisdiction and venue lie in this action, Defendant conducting business and the

subject incident serving as the basis of this cause having occurred within this forum's boundaries.

2.      Jurisdiction is founded under the Jones Act (46 USC §30104) for negligence, and

under the General Admiralty and Maritime Law for unseaworthiness, maintenance and cure, punitive

damages, and attorney fees.

3.      At all times material to issues herein, Plaintiff James Millis served as an employee

of Defendant, Enterprise Products Company, (hereinafter "Enterprise"), serving as a tankerman

aboard its vessel, the M/V GENIE CENAC, with all acts and/or omissions giving rise to this action

occurring in the course of Plaintiff's employment in the service of his vessel.

4.      On or about May 14, 2010 at 11:30 a.m., the M/V GENIE CENAC was docked

behind Defendant's office at 114 Bayou Dularge Rd., Houma, Louisiana, taking on equipment and

1

supplies, inclusive of two rolls of rope and four rolls of 85' wire cable. While in the process of handling the last roll of cable, Plaintiff developed a n excruciating headache with accompanying dizziness and partial loss of vision.

5.     Plaintiff went back aboard the vessel, had a glass of water, and attempted to eat something. However, his headache and loss of vision worsened, his hands went numb, and he was overcome with a feeling of confusion. Plaintiff immediately informed his relief captain and captain that he was seriously ill and needed to seek medical attention. The captain indicated he would place a phone call to a medical advisory service and instructed Plaintiff to wait in the galley.

6.     Approximately 45 minutes later, Plaintiff again approached the captain in the wheelhouse and asked about the status of his request for medical attention. The captain suggested that he call the medical advisory hotline himself. Plaintiff obliged, and 15 minutes later was instructed by the captain to depart the vessel and wait at Defendant's facility for a company driver who would transport him to the company designated medical clinic.

7.     Plaintiff waited for the driver at employer's facility for nearly one hour. When the driver arrived at 1:30 p.m., he informed Plaintiff that he had to pick up another employee behind Defendant's office and instructed Plaintiff to wait in the car. Plaintiff waited in the car for 25 minutes. When the driver finally returned, he and Plaintiff set off for the medical clinic but the driver got lost on the way and had to call for directions.

8.     Plaintiff did not arrive at the occupational clinic selected by Defendant until approximately 3:00 p.m. This was the first medical treatment Plaintiff received on May 14, 2010.

9.     Upon being examined by the physician at the occupational clinic, Plaintiff was sent to another local medical facility for purposes of a CT scan of the brain. That study was interpreted

2

by the radiologist as being normal. When he returned to the occupational clinic, Plaintiff was administered a drug test, and was released at approximately 4:45 p.m. with instructions to follow up with an eye doctor for his persistent loss of vision. Defendant transported him to a local motel where Plaintiff remained alone, overnight until the following morning.

10.    On the morning of May 15, 2010, Plaintiff's wife transported him to Oshsner Medical Center in Slidell, Louisiana, where he was seen in the emergency room. Plaintiff was immediately diagnosed with an acute-subacute infarct of the left medial occipital lobe (a/k/a ischemic stroke).

11.    Plaintiff now suffers from right homonymous hemianopia, decreased sensation in his right face and upper extremity, problems with coordination and balance, chronic daily headaches, and anxiety, all of which have rendered him permanently disabled.

12.    Due to the amount of time that elapsed between the onset of Plaintiff's symptoms and his first contact with appropriate medical care, acute treatment, inclusive of administration of thrombolytic drugs which could have prevented or seriously reduced the permanent effects of the stroke, could not be administered.

13.    As Plaintiff's maritime employer, Defendant owed Plaintiff a duty to furnish him with a safe place to work, including the duty to provide him with prompt, necessary, and adequate medical treatment, maintenance and cure. Defendant breached said duties to Plaintiff in the following non-exhaustive respects:

      a.    Failing to provide Plaintiff with prompt and reasonable medical care and attention on May 14, 2010 when Plaintiff first reported his symptoms suggestive of stroke;

      b.    Failing to arrange prompt and immediate transportation for Plaintiff to an

3

emergency medical facility in view of his reported symptoms of stroke;

c. Failing to adequately train, instruct, and supervise its employees (including Plaintiff's superiors), on the signs and symptoms of stroke and the need for prompt and immediate medical attention;

d. Failing to immediately transport Plaintiff to an emergency room (rather than transport him to the employer designated occupational clinic) in view of Plaintiff's stroke symptoms;

e. Failing to call 911 or other emergency medical services to respond to Plaintiff's condition when Defendant knew or should have known of the magnitude of the situation given Plaintiff's stroke symptoms;

f. Failing to provide reasonable follow up care for Plaintiff after he was seen by Defendant's designated occupational medicine clinic;

g. Negligently selecting an occupational medical clinic and/or physician to examine Plaintiff when Defendant knew or should have known that his symptoms required immediate emergency medical attention by competent professionals;

h. Negligently failing to administer thrombolytic drugs to Plaintiff within the accepted window of opportunity that presented itself following Plaintiff's manifestation of symptoms.

14. As a result of the foregoing, and in particular, the incompetence of the captain, relief captain, and the inadequate procedures and training, the M/V GENIE CENAC was not fit for her intended purposes and was thereby rendered unseaworthy on May 14, 2010.

15. Defendant's tortious acts aforesaid, caused or contributed to Plaintiff's damages, *inter alia*, as follows:

a. Pain and suffering, past and future;

b. Mortification, humiliation, fright, shock and embarrassment;

c. Lost wages, loss of earnings and earning capacity;

d. Hospital, pharmaceutical, and other cure expenses;

4

e.      Aggravation of prior condition, if any there be;

f.      Inability to engage in social, recreational and other pursuits previously enjoyed;

g.      Mental anguish;

h.      Found;

i.      Maintenance, cure, wages, attorney fees and/or punitive damages;

j.      Loss of the opportunity to prevent and/or lessen the permanent impairments from which Plaintiff now suffers.

WHEREFORE, Plaintiff demands trial by jury and judgment against Defendant, together with interest, costs, attorney fees and expenses, all to be methodically adjusted upwards during the pendency of this cause.

/s/ Philip Bohrer
PHILIP BOHRER  (#14089)
Local Counsel
Bohrer Law Firm
8712 Jefferson Hwy., Ste. B
Baton Rouge, LA 70809
225-925-5297
225-231-7000 - fax
phil@bohrerlaw.com

OBRYAN BAUN KARAMANIAN

/s/ Kirk E. Karamanian
Kirk E. Karamanian (P52955)
Trial Attorney for Plaintiff
401 S. Old Woodward, Ste. 450
Birmingham, MI 48009
(248) 258-6262
(248) 258-6047 fax
kkaramanian@obryanlaw.net

5

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA


JAMES MILLIS,

        Plaintiff,                                    Case No.

vs.

ENTERPRISE PRODUCTS CO.,

        Defendant.
_____/


## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, by and through counsel undersigned, OBRYAN BAUN

KARAMANIAN, and hereby demands trial by jury in the above-referenced cause of action.

/s/ Philip Bohrer
PHILIP BOHRER  (#14089)
Local Counsel
Bohrer Law Firm
8712 Jefferson Hwy., Ste. B
Baton Rouge, LA 70809
225-925-5297
225-231-7000 - fax
phil@bohrerlaw.com

OBRYAN BAUN KARAMANIAN

/s/ Kirk E. Karamanian
Kirk E. Karamanian (P52955)
Trial Attorney for Plaintiff
401 S. Old Woodward, Ste. 450
Birmingham, MI 48009
(248) 258-6262
(248) 258-6047 fax
kkaramanian@obryanlaw.net

6